OPINION
{¶ 1} This matter comes for consideration upon the record in the trial court and the parties' briefs. Appellant Alice Clones appeals the decision of the Mahoning County Court of Common Pleas granting Appellees', Dr. Chander Kholi et al., motion for judgment on the pleadings. The issue Clones has asked us to address on appeal is whether a person granted a power of attorney may properly sign a complaint for the party in interest. We cannot reach that issue, however, because the trial court dismissed the complaint in this case without prejudice. Because such a decision is not a final appealable order, we are without jurisdiction to hear the merits of Clones' argument. Therefore, we dismiss this appeal.
 {¶ 2} On August 31, 2001, Cheryl Bishop signed a complaint at Clones' direction after being given a power of attorney. Bishop did not sign her own name on the signature line but, instead, signed Clones name indicating underneath the line that she had a power of attorney.
 {¶ 3} On March 18, 2002, Appellee Forum Health filed a Motion for Judgment on the Pleadings pursuant to Civ.R. 12(C). The remaining Appellees then joined in Forum Health's motion. Appellees argued the complaint was not signed by either an attorney or the plaintiff as required by Civ.R.11. They asked that the complaint be dismissed by the trial court as being a nullity.
 {¶ 4} Although the motion was labeled as a motion for judgment on the pleadings, the substance of the motion raised arguments which would be more appropriately made in a motion to dismiss pursuant to Civ.R. 41. Because we find this to be a matter of form over substance, we will proceed as if the parties properly labeled their motion as one requesting a dismissal.
 {¶ 5} On May 30, 2002, the trial court sustained Appellees' motion and dismissed the complaint without prejudice. It is from that decision Appellant now appeals. However, we cannot reach the merits of Clones' appeal because an involuntary dismissal without prejudice is not a final appealable order, Van-American Ins. Co. v. Schiappa (Apr. 29 1999), 7th Dist. No. 97-JE-42.
 {¶ 6} In this case, appellant filed her complaint within the one-year statute of limitations provided by R.C. 2305.11(B)(1) for medical malpractice claims. The trial court dismissed the complaint on May 30, 2002, without prejudice. Since Appellant's complaint failed "otherwise than upon the merits", R.C. 2305.19 would have allowed appellant to file a new action within one year following the dismissal. Appellant should have simply signed her own complaint and re-filed it. Instead, she improperly filed the instant appeal.
 {¶ 7} Upon our dismissal, Appellant would not be without remedy however. In Van-American, we held that the savings provisions of R.C.2305.19 commence to run only upon the date of this court's dismissal order. Van-American, supra. Thus, per the savings statute, Appellant would have one year from the filing of this court's dismissal within which to re-file her complaint
 {¶ 8} Accordingly, this appeal is dismissed for lack of a final appealable order.
Waite, P.J., and Donofrio, J., concur.